**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HENSHALL, | No. C 08-04723 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND, GRANTING DEFENDANTS' MOTION TO DISMISS, and DENYING DEFENDANTS' MOTION FOR A VEXATIOUS LITIGANT ORDER** |
| v. | |
| AMPCO PARKING, INC., *et al.*, | |
| Defendants. | |

Now before the Court are plaintiff's motion to remand to state court,[1] defendants' motion to dismiss and defendants' motion for a vexatious litigant order. The motions are scheduled for hearing on January 23, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, plaintiff's motion is DENIED, defendants' motion to dismiss is GRANTED and defendants' motion for a vexatious litigant order is DENIED.

//

---

[1] The Court notes that Docket No. 23, filed by plaintiff, is captioned "Motion for a More Definite Statement." This filing appears not to be a motion but a response to defendants' request for a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e). To the extent this is a motion, it is DENIED as the Court cannot discern what relief plaintiff seeks.

The Court also notes that plaintiff has filed a letter with the Court, Docket No. 22, in which he states, "Pursuant to your regrettable actions in the earlier two cases, to which the instant action bears little similarity, certainly not enough for it to be construed as a 'related case', a determination which, not surprisingly, I have not had any opportunity to contest, you might as well dispense with the dog and pony show and summarily dismiss this case, too and *with prejudice* to the cause, and get it over with." *See* Letter, at *1 (emphasis in original). Plaintiff's letter appears, however, to be neither a motion to recuse the undersigned judge nor a voluntary dismissal of the case.

**BACKGROUND**

Plaintiff William Henshall is not a stranger to this Court. His first action before this Court was *Henshall v. Central Parking, Inc.*, Case No. 07-4458. Plaintiff filed the complaint in that case against defendants Central Parking, Inc. (CPI) and New South Parking, Inc. (NSP) on July 30, 2007 in San Mateo County Superior Court. Defendants removed to this Court. Plaintiff challenged defendants' policy of requiring plaintiff to complete Internal Revenue Service (IRS) form W-4 and Department of Homeland Security (DHS) form I-9 prior to the commencement of employment. On Oct. 16, 2007, the Court granted defendants' motion to dismiss plaintiff's complaint with prejudice. The Court found that courts had repeatedly rejected plaintiff's argument that, despite being born in this country, he is not a citizen of the United States and therefore not subject to federal laws relating to taxes, immigration and naturalization. *See* Oct. 16 Order at *3. [Docket No. 13, Case No. 07-4458] The Court also found that plaintiff's other arguments – that plaintiff need not provide a W-4 to a prospective employer, that plaintiff is not an "employee" for purposes of the Internal Revenue Code, that plaintiff's Fifth Amendment right against self-incrimination allows him to refuse to provide his social security number to a prospective employer, and that plaintiff has a constitutional right of private employment – had been raised and rejected by courts. *See id.*

Plaintiff filed his second action against the same defendants in San Mateo Superior Court on September 6, 2007. Again, defendants removed to this Court. Plaintiff again challenged defendants' policy of requiring plaintiff to complete a W-4 form and I-9 form prior to the commencement of employment. The Court found that the doctrines of *res judicata* and collateral estoppel precluded plaintiff from bringing his second lawsuit and dismissed plaintiff's complaint with prejudice. *See* Jan. 16 Order, at *5. [Docket No. 56, Case No. 07-5097]

Plaintiff filed the instant action in San Francisco Superior Court against new defendants: Ampco Parking, Inc. and Joy Riddle, the general manager of Ampco Parking. Defendants removed to this Court on October 14, 2008. The crux of plaintiff's complaint appears to be that he renounced his United States citizenship, a process that he contends should have allowed him to rescind his social security number. Plaintiff maintains that defendants, plaintiff's former employers, therefore violated plaintiff's rights when they kept records containing plaintiff's social security number. Defendants' unlawful acts

purportedly caused taxes to be improperly levied against plaintiff, and this taxation constituted a theft of plaintiff's property. Plaintiff brings claims for wrongful termination, "keeping false and fraudulent documents" in violation of 18 U.S.C. § 1001, theft, retaliation and breach of contract.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Dismissing a complaint for failure to state a claim is proper only "if it appears beyond doubt" that the plaintiff "can prove no set of facts which would entitle him to relief." *Vazquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (internal quotation marks omitted).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (citations and internal quotation marks omitted).

## DISCUSSION

**1.    Plaintiff's Motion to Remand to State Court**

Plaintiff's motion to remand is largely incomprehensible. As he did in his motion to remand in Case No. 07-5097, plaintiff argues that he is "a lawful de jure free white State Citizen" and not a citizen

3

of the federal government. Plaintiff's motion to remand is without merit. This Court has subject-matter jurisdiction over this case, pursuant to 28 U.S.C. § 1441(b), because plaintiff's complaint, on its face, depends on federal law. Plaintiff's complaint raises federal questions, including whether plaintiff is a citizen of the United States and whether defendants violated 18 U.S.C. § 1001, a federal statute. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) ("We have often held that a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law . . . ."). Indeed, plaintiff argues in his motion to remand that his case raises "questions of grave Constitutional significance." *See* Pl. Mot. to Remand, at 8. Accordingly, plaintiff's motion to remand this action is DENIED.

**2.     Defendants' Motion to Dismiss**

The Court agrees with defendants that plaintiff's complaint must be dismissed. The doctrine of collateral estoppel "prevents relitigation of issues actually litigated and necessarily decided, after a full and fair opportunity for litigation, in a prior proceeding." *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005) (internal quotation marks omitted). A prior federal court decision will have preclusive effect under the doctrine of collateral estoppel where "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Id.* (internal quotation marks omitted).

The central premise of plaintiff's complaint – that plaintiff is not a United States citizen – was rejected in related case No. 07-4458. *See* Oct. 16 Order at *3. That case ended in a final judgment on the merits. The doctrine of collateral estoppel is being asserted against plaintiff, a party in the earlier proceeding. Plaintiff is therefore precluded by the doctrine of collateral estoppel from raising this issue in this case.

Even if the doctrine of collateral estoppel did not apply, plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's claims for wrongful termination and retaliation are alleged against CPI and NSP, the defendants in related cases Nos. 07-4458 and 07-5097. CPI and NSP were not named as defendants in this case and plaintiff is barred by the doctrines of *res judicata* and collateral

4

estoppel from amending his complaint to name these defendants. *See* Jan. 16 Order, at *5. Plaintiff's claim for fraudulent record keeping appears to be based on his argument that he has rescinded his social security number because he is not a "person" or "employee" for purposes of the internal revenue code. As discussed in the Court's prior order, courts have rejected this argument. *See* Oct. 15 Order, at *3. Plaintiff's claim for theft is based on his allegation he is not subject to taxation because he has renounced his citizenship. The Court has already explained that courts have rejected this argument, as well. *See id.* Finally, plaintiff's claim for breach of contract also fails because it is based on the same allegation that he rescinded is citizenship and therefore rescinded his social security number.

Accordingly, the Court GRANTS defendants' motion. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

## 3. Defendants' Motion for a Vexatious Litigant Order

Defendants move to declare plaintiff as a vexatious litigant and to impose a pre-filing order on him. "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (internal citations omitted). The Court finds that this is a close case, given plaintiff's repeated attempts to litigate the same issues despite orders from this Court determining that his complaints have no legal basis. Nonetheless, a vexatious litigant order is not yet warranted, although plaintiff is hereby given notice that such an order may be necessary in the future, should he persist in filing iterations of the same complaint.

//

5

**CONCLUSION**

For the reasons stated above, and good cause shown, plaintiff's motion is DENIED, defendants' motion to dismiss is GRANTED, and defendants' motion for a vexatious litigant order is DENIED.

**IT IS SO ORDERED.**

Dated: 1/21/09

SUSAN ILLSTON
United States District Judge